AO 106 (Rev. 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

FILED
AUG 05 2021
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| In the Matter of the Search of<br>*INFORMATION ASSOCIATED WITH ADDRESSES, PHONE NUMBERS, AND EMAILS STORED AT PREMISES CONTROLLED BY AMAZON.COM INC.* | Case No. 21-mj-554-SH |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
  See Attachment "A"

located in the __Western__ District of __Washington__, there is now concealed *(identify the person or describe the property to be seized)*:

  See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
  ☑ evidence of a crime;
  ☑ contraband, fruits of crime, or other items illegally possessed;
  ☐ property designed for use, intended for use, or used in committing a crime;
  ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2251(a) | Sexual Exploitation of a Child |

The application is based on these facts:
  See Affidavit of Jared P. Benver, attached hereto.

  ☑ Continued on the attached sheet.
  ☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's Signature*

SA Jared P. Benver, FBI
*Printed name and title*

Sworn to before me and signed by telephone ~~in my presence.~~

Date: 8/5/21

*Judge's signature*

City and state: Tulsa, OK    Susan E. Huntsman, U.S. Magistrate
                       *Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: INFORMATION ASSOCIATED WITH ADDRESSES, PHONE NUMBERS, AND EMAILS STORED AT PREMISES CONTROLLED BY AMAZON.COM INC. | Case No. _____ |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Jared Benver, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information stored at premises owned, maintained, controlled, or operated by Amazon.com, Inc. ("Amazon") an e-commerce company located in Seattle, Washington. Amazon accepts service at Amazon.com, Inc., Corporation Service Company, Attn: Legal Department, 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501.

2. This application is for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require Amazon to disclose to the government records and other information in its possession pertaining to the subscribers or customers associated with the identifiers listed in Attachment A, to search for information described in Attachment B.

3. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been so employed since January, 2021. Prior to being employed as a FBI Special Agent, I served in the FBI as an Operational Support Technician for approximately three years supporting investigations in gang related matters and Indian Country investigations. As a Special Agent, I attended and completed the FBI Academy in 2020. During this training, I received detailed academic and practical training in the areas of, but not limited to narcotics enforcement, drug identification, violent crime and gang investigations, and other law enforcement and investigative techniques. As a result of my employment with the FBI, my duties include but are not limited to, the investigation and enforcement of Title 18, of the United States Code (U.S.C.).

4. The facts set forth in this affidavit are based on knowledge obtained from other law enforcement officials, my personal observations, a review of documents related to this investigation, conversations with others who have personal knowledge of the events and circumstances described herein, and a review of open-source information including information available on the Internet. Since this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth every fact I or others have learned during the course of this investigation.

5. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that evidence, fruits, and instrumentalities of the violation of Title 18, United States Code 2251(a) Sexual Exploitation of a Child, are presently located or under control of Amazon Inc.

## DEFINITIONS

6. The term "child pornography," as defined in 18 U.S.C. § 2256(8), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where:

   a. the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

   b. such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

   c. such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct

7. The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

8. The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable

of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

9. The term "computer," as defined in 18 U.S.C. §1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

10. The terms "records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, painting), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including, but not limited to, phonograph records, printing, typing) or electrical, electronic or magnetic form (including, but not limited to, tape recordings, cassettes, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

11. Title 18, United States Code 2251(a) - Sexual Exploitation of a Child is violated by any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or

who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

### CHARACTERISTICS COMMON TO INDIVIDUALS WITH INTENT TO COLLECT, RECEIVE OR DISTRIBUTE CHILD PORNOGRAPHY

12. Based on my previous experience related to child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I know there are certain characteristics common to individuals with intent to view and/or possess, collect, receive, or distribute images of child pornography:

5

a. Individuals with intent to view and/or possess, collect, receive, or distribute child pornography may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature describing such activity.

b. Individuals with intent to view and/or possess, collect, receive, or distribute child pornography may collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media. Individuals who have a sexual interest in children or images of children oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

c. Likewise, individuals with intent to view and/or possess, collect, receive, or distribute pornography often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area. These collections are often maintained for several years and are kept close by, usually at the collector's residence or inside the collector's vehicle, to enable the individual to view the collection, which is valued highly.

d. Individuals with intent to view and/or possess, collect, receive, or distribute child pornography also may correspond with and/or meet others to share information and materials; rarely destroy correspondence from other child pornography distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.

e. Individuals with intent to view and/or possess, collect, receive, or distribute child pornography prefer not to be without their child pornography for any prolonged time period. This behavior has been documented by law

enforcement officers involved in the investigation of child pornography throughout the world.

### BACKGROUND ON KIK INTERACTIVE, INC

13. Kik Messenger ("Kik") is an instant messaging application for mobile devices and a facility of interstate and foreign commerce. The application is available on most iOS, Android, and Windows phone operating systems free of charge. Kik uses a smartphone's data plan or Wi-Fi to transmit and receive messages. Kik allows users to share photographs, sketches, mobile web-pages, linked internet files and other content.

14. Kik subscribers obtain an account by registering with Kik. During the registration process, Kik asks subscribers to provide basic personal information and to select a username. During this process, Kik registers the date, time, internet protocol (IP) address and device related information. The username is the only unique identifier used by Kik. According to the Kik Law Enforcement Guide, a Kik username is unique, can never be replicated and can never be changed.

## INVESTIGATIVE BACKGROUND

15.   On or about July 24, 2021, an FBI Online Covert Employee (OCE) had access to a Kik group where a user with the display name "Tim B" and username "bowswer2020" posted an image into the group containing child sexual abuse material (CSAM). The OCE reviewed the image posted by "bowswer2020" and determined the image depicted the sexual exploitation of a minor[1] as defined by federal law. Specifically, on or about July 24, 2021, "bowswer2020" posted an image depicting a nude, prepubescent[2] minor female who appeared to be lying down on white colored sheet and pink colored blanket. The minor female's vagina was visible to the camera, but the minor's face was not visible. Furthermore, the image appeared to be a "live" image taken just prior to the image being posted in the group.

16.   Based on the OCE's knowledge, training, and experience, the OCE knows that when a Kik user sends a "live" image, the word "Camera" is displayed

---

[1] 18 U.S.C. § 2252 prohibits certain acts, such as possession and distribution, of visual depictions of a minor, that is, a person under the age of 18, engaged in sexually explicit conduct. 18 U.S.C. § 2256(2)(A) defines explicit conduct," and includes sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the generals or pubic area.

[2] Descriptions of persons as "prepubescent" in this affidavit are based on law enforcement's visual assessment of the person(s) depicted in the material, including their training and experience and looking for visual indicators such as sexual development, body size, and pubic hair.

below the image thus identifying that the image was taken with the camera of the device from within the Kik application. In other situations, Kik users can choose to send images that are already stored on their device instead of taking a "live" image, and these types of images will not display the word "Camera" below the image. Additionally, the OCE knows Kik users often send these "live" images to verify that the images were taken in the moments prior to the image being sent. Based on this information, the OCE believes the Kik user "bowswer2020" captured the image of the prepubescent minor female using his device just prior to posting the image therefore showing that he had access to the minor female child.

17.     Additionally, on or about July 24, 2021, "bowswer2020" posted two other images of a different nude female into the group. The female's face is not visible and the OCE could not determine the age of the female. The female appeared to have a tattoo under one of her breasts that read "never give up".

18.     Prior to the posts on or about July 24, 2021, the OCE had communicated with "bowswer2020" via Kik private messages (PMs) from on or about July 13, 2021, through on or about July 26, 2021. The Kik user "bowswer2020" was an administrator of a Kik group and requested the OCE verify with him to remain in the group. The OCE verified with "bowswer2020" and then began communicating with him via Kik PMs.

19. On or about July 13, 2021, the Kik user "bowswer2020" sent the OCE an image of a minor female who he purported to be his 4-year-old daughter. The image depicted a prepubescent minor female wearing a dark colored shirt, light colored shorts, and boots with sparkles. The minor female was also holding onto a small dog with her arm.

20. On or about July 26, 2021, the FBI obtained subscriber identification records from Kik for the username "bowswer2020" Kik's response included the following:

   a. First Name: Tim
   b. Last Name: B
   c. Email: bowswer2020@gmail.com
   d. Username: bowswer2020
   e. In addition to the subscriber information, Kik provided information related to the type of device "bowswer2020" used to access the account, which was an Apple iPhone.

21. Furthermore, the Kik records identified the IP addresses which were used to access the account from June 26, 2021, through July 26, 2021. A review of the IP address logs revealed hundreds of logins to the account from the IP Address 98.184.137.236 ("Subject IP Address") during the aforementioned dates.

22. Through open-source research, the FBI determined that the Subject IP Address resolved to the internet service provider Cox Communications, Inc. ("Cox"). In response to an emergency disclosure request, Cox provided subscriber

10

records and IP lease history for the Subject IP Address, which listed the below information:

    a. Name: Courtney Mcabee

    b. Address: 2412 W. Vicksburg St., Broken Arrow, OK, 74011

    c. Home Phone: 918-704-7436

    d. Work Phone: 918-232-8772

    e. Lease Records:

        i. Start (GMT): 2021-06-04 20:55:30

        ii. End (GMT): 2021-07-27 11:38:22

23. Through a search of law enforcement databases, the FBI identified that an individual named COURTNEY ELIZABETH MCABEE (COURTNEY), with date of birth \*\*/\*\*/1993, was associated with the address 2412 W. Vicksburg St., Broken Arrow, OK, 74011 (PREMISES). In addition to COURTNEY, the FBI identified a second individual named CAMERON KELLY MCABEE (CAMERON), date of birth \*\*/\*\*/1990, who was associated with the PREMISES.

24. Additionally, through open-source research, the FBI identified a Facebook account associated with COURTNEY. Through a review of the Facebook account, the FBI identified a picture of a prepubescent minor female who appears to

match the description of the minor female in the image received by the OCE from the Kik user "bowswer2020" on or about July 13, 2021.

25. On July 26, 2021, the Broken Arrow Police Department provided current utility billing records for the PREMISES. The name on the utility account is COURTNEY. Oklahoma State Court Network (OSCN) records also indicated COURTNEY is in the process of divorcing CAMERON. The petition for dissolution of marriage, filed on or about May 16, 2019, indicated the couple share a minor child born in February 2018.

26. On July 26, 2021, Agents executed federal search warrant 21-MJ-524-SH, signed in the Northern District of Oklahoma, at CAMERON and COURTNEY's residence located at 2412 W. Vicksburg St., Broken Arrow, OK. Law enforcement officers affected a probable cause arrest of CAMERON KELLY MCABEE and subsequently transported him to the Broken Arrow Police Department to be interviewed. During a post-Miranda interview which was audio recorded, CAMERON made several incriminating statements, including but not limited to:

    a. CAMERON confirmed he was active on Kik and had been for approximately two years. He said his username was USERNAME 1, his display name was DISPLAY NAME 1, and he was in an administrative

       role for multiple chat groups, to include one specifically designed for the sharing of images and videos of the alleged daughters of the group members.

   b. CAMERON said as a member of this group, he had traded numerous images which would constitute as child pornography, to include images of his three-year-old daughter. Specifically, CAMERON admitted to taking the nude photo of his daughter which he shared with the OCE in her bedroom, which is located within the Northern District of Oklahoma.

   c. CAMERON said he used his Apple Iphone, black in color, to access his Kik account, take and share photographs, and store his collection of images constituting as child pornography.

27. After the arrest, COURTNEY informed FBI agents that CAMERON's father had reached out to her. CAMERON's father told COURTNEY that CAMERON was having packages from Amazon delivered to his (the father) house, 2443 West Quantico Street, Broken Arrow OK, 74011, which CAMERON was picking up after delivery. This activity had occurred within the "last couple of months".

28. On July 28, 2021, COURTNEY contacted the writer of this affidavit. COURTNEY informed the writing agent that she had spoken with a friend of CAMERON's, who revealed to her that CAMERON had purchased hidden cameras and placed them throughout the house. CAMERON utilized the cameras both to collect CSAM material, as well as video and record the sexual activity between CAMERON and COURTENY in order to be shared and swapped with others

13

online. COURTNEY requested the FBI return to the PREMISES to conduct a second search. On July 28, 2021 at approximately 5:30 P.M., FBI agents arrived at the PREMISES. COURTENY gave written consent for FBI agents to enter the PREMISES and conduct a search for the cameras. At the conclusion of the search, the FBI recovered over 10 hidden cameras that had been installed within the bedrooms and bathrooms of the home

29. At the conclusion of the second search, FBI agents recovered over 10 hidden cameras that had been installed within the bedrooms and bathrooms of the home to include, a camera hidden within an outlet in the child's room and multiple cameras within each bathroom facing the toilets and the showers. The FBI also recovered an empty Amazon package addressed to CAMERON with a delivery address of 2443 West Quantico Street, Broken Arrow, OK, 74011.

30. In light of the Amazon box and the statements made by CAMERON's father, your affiant believes that there is at least one or more Amazon account(s) that were utilized to purchase at least a portion of the cameras or related devices recovered. Amazon could provide detailed order history of both cameras recovered and cameras or devices that have yet to be identified. CAMERON is employed by a local convenience store chain which allows public access to their stores. Your affiant submits that CAMERON's job and child provides possible access to other public

areas where possible cameras may have been placed.

## CONCLUSION

31. I submit that this affidavit supports probable cause for a warrant to search Amazon Inc. described in Attachment A and seize the items described in Attachment B.

Respectfully submitted,

Jared P. Benver
Special Agent
Federal Bureau of Investigation

Subscribed and sworn via phone on 5th day of August, 2021.

UNITED STATES MAGISTRATE JUDGE
SUSAN E. HUNTSMAN

15

## ATTACHMENT A

### Information to be Searched

This warrant is for information stored at premises owned, maintained, controlled, or operated by Amazon.com Inc. a company headquartered at Seattle, Washington, and accepts service at 300 Deschutes Way SW, Suite 304, Tumwater, Washington 98501, associated with the following addresses, phone numbers, and emails from the time period of May 1, 2020 to present:

Addresses:

1. 2412 West Vickburg Street, Broken Arrow, OK 74011
2. 2443 West Quantico Street, Broken Arrow, OK 74011

Phone Numbers:

1. 918-232-8772
2. 918-704-7436

Email Addresses:

1. bowswer2020@gmail.com

## ATTACHMENT B

### Information to be Seized

I.   **Information to be disclosed by Amazon.com Inc. (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Provider, regardless of whether such information is located within or outside of the United States, and including any messages, records, files, logs, or information that have been deleted but are still available to Provider, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Provider is required to disclose the following information to the government for each account associated with identifiers listed in Attachment A between August 1, 2020 to present, and any and all linked Amazon accounts based on shared attributes such as shipping address, phone number, mobile device, email address, connection/login IP address, browser or site cookie, or session state:

1. All records or other information regarding the subscriber and the identification of the account, to include account number, account name, full name, subscriber address, shipping addresses and associated names, phone numbers, email addresses, and other identifiers, date on which the account was created, length of service, the IP address used to register the account, historical subscriber information as described above;

2. All financial and payment information, including subscriber's payment methods and details, credit and debit card information;

3. All order history including product name, product identification number, vendor/seller name, quantity, price, shipping method, full shipping address including name, shipping name, shipping date, payment method, payment card details,

4. The subscriber's telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers (MEIN"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), MSISDN, International Mobile Subscriber Identifiers ("IMSI"), International Mobile Station Equipment Identities ("IMEI"), and other device identifiers;

5. All search history, including search terms and search date

6. Any additional electronic device details or information associated with the account.